## RECOVERY OF INTEREST FROM BANKS ON UNAUTHORIZED COUNTY DEPOSITS.

Common Pleas Court of Hamilton County.

STATE OF OHIO, ON THE RELATION OF HIRAM M. RULISON, PROSECUTING ATTORNEY, v. JOHN KILGOUR, DOING A BANKING BUSINESS UNDER THE NAME OF THE FRANKLIN BANK.

Decided, January 6, 1909.

*Interest—Recovery of, on County Deposits—Action May be Brought by Prosecuting Attorney—Application of the Statutes of Limitation—Bar of a Previous Recovery in Part.*

1. A county prosecuting attorney has authority to maintain an action against banks for recovery of interest on unauthorized deposits made by the county treasurer from public funds in his hands.
2. The six-year statute of limitations applies to such an action, but the four-year statute and the one-year statute do not apply.
3. The defense that certain judgments have been fully satisfied, which were obtained against former treasurers on account of interest on such deposits received by them as a personal gratuity, is a bar to the prosecution of actions against the banks for recovery of further sums alleged to be due the county on account of interest on such deposits.

*Rulison, Morris, Rose & James,* for plaintiff.

*Kittredge & Wilby, Maxwell & Ramsey, Paxton & Warrington* and *Peck, Shaffer & Peck,* for defendants in the several suits.

The amended petition filed in the common pleas court in this case was as follows:

Relator represents to the court that Hiram M. Rulison is the duly elected and legally qualified prosecuting attorney for Hamilton county, Ohio, and that he brings this action against John Kilgour, doing a banking business under the name of the Franklin Bank, by virtue of the power and authority vested in him by Section 1277 of the Revised Statutes of Ohio.

Plaintiff says that at numerous times between the 24th day of December, A. D. 1895, and the 21st day of October, A. D. 1903, the defendant without warrant of law obtained possession, custody and control of

public moneys of Hamilton county, Ohio, from and with the consent of the several county treasurers of said Hamilton county, Ohio, during said period, knowing that said moneys were public moneys of said county; that the defendant without warrant of law withheld said public moneys from the county treasury of said county during the period aforesaid; that said obtaining possession, custody and control and withholding of the public money aforesaid was secretly, fraudulently and illegally done by the defendant, without the knowledge of plaintiff, or of the board of county commissioners of said Hamilton county, Ohio, or of any county officers of said county, other than the several county treasurers of said Hamilton county, Ohio, during said period. Plaintiff says that he makes no claim in this action that said public moneys have not been returned to the county treasurer.

Plaintiff is unable to state the various amounts of said public moneys so obtained and withheld as aforesaid by said defendant; and plaintiff is unable to state either the exact dates when defendant obtained possession of said public moneys as aforesaid, or the exact periods of time during which defendant so withheld said public moneys as aforesaid, or whether or not all of the public moneys were in the county treasury on the various settlement days during the period before mentioned.

Plaintiff further says that the defendant secretly, fraudulently and illegally, and without the knowledge of plaintiff or of the board of county commissioners of said Hamilton county, Ohio, or any county officers of said county other than the several treasurers of said Hamilton county, Ohio, during said period, commingled the said public moneys with other moneys then in its possession, and used the same as a part of its moneys in its banking business; and that defendant during the period aforesaid has obtained thereby large profits and increments on the said commingled moneys as aforesaid; and that the plaintiff is unable to state the amount of said profits and increments.

Plaintiff further says that there is due from the defendant to the said county of Hamilton, interest at the rate of six per centum per annum on each and all of said public moneys of said county of which defendant obtained possession, and which defendant withheld as aforesaid during the various times said defendant, after obtaining possession, custody and control as aforesaid, withheld said public moneys of said county as aforesaid; and that there is due the said county of Hamilton in addition thereto from the defendant any and all profits and increments obtained as aforesaid in excess of six per centum due as aforesaid on each and all of said public moneys so obtained and withheld as aforesaid.

Plaintiff says that the account of the interest, profits and increments due the said county of Hamilton as aforesaid involves a complicated and intricate state of accounts between plaintiff and defendant, and

that it is impossible for plaintiff and defendant to agree or adjust said accounts of said interest and profits and increments due said county of Hamilton as aforesaid.

Wherefore, plaintiff prays that the defendant may be ordered to make an account touching the items of increments, profits and interest thus received, and that the court may order the reference of said accounts to a master for the purpose of determining the same and ascertaining the exact amount due the county of Hamilton; that after an account has been so had between said parties, that a judgment may be entered in favor of the plaintiff herein against the defendant for the use of the said county of Hamilton, for the amount of said interest, profits and increments so found due the said county of Hamilton, and that plaintiff may have all other just and proper relief at law and in equity in the premises.

Swing, J.

This case is submitted to me upon a demurrer of the plaintiff to the second, third, fourth, fifth and sixth defenses in the answer of the defendant to the amended petition of the plaintiff, the ground of the demurrer to each of said defenses being that it does not state facts sufficient in law to constitute a defense.

The second defense is that the prosecuting attorney of Hamilton county, Ohio, is not authorized by law and has no legal capacity to bring or maintain the action. I am of the opinion that the demurrer to this defense is well taken and should be sustained. If there is a cause of action stated, I think the prosecuting attorney is the proper person to bring it as he has done.

The third defense is that the action was not brought within six years after the cause of action accrued—a plea of the statute of limitations. The Court of Common Pleas of Allen County, Ohio, Mathers, J., in a similar case, *The State of Ohio, ex rel Benjamin F. Welty, Prosecuting Attorney of Allen County, Ohio,* v. *The Ohio National Bank,* 7 N. P.—N. S., 43, has held that the six-year limitation applies. I have read the opinion of the court in that case with care and have further investigated the question, and my conclusion is that the six-year limitation does apply. In view of all the authorities upon the question which I have examined, I can not be quite sure that there is any limitation. If the amended petition had set forth that the State of Ohio has a substantial interest I would be inclined

to the opinion that there is no limitation, but this action purports to be for the benefit of Hamilton county, and there is no allegation in the amended petition that the State of Ohio has an interest in the action, and unless I should take judicial notice of the fact, if it be a fact, the action would seem to be, as alleged in the amended petition, for the benefit of the county only.

Not without some misgiving, I will overrule the demurrer to the third defense.

The fourth and fifth defenses are also pleas of the statute of limitation—one the four-year limitation, the other the one-year limitation; to these two defenses the demurrer is sustained.

The sixth defense pleads certain judgments formerly rendered against several former treasurers of Hamilton county, Ohio, which judgments, alleged to have been fully satisfied, are pleaded as a bar to this action. Reading the allegations in the amended petition and the allegations in the sixth defense in the answer together, I am of the opinion that the demurrer to the sixth defense should be overruled. I am of the opinion that if the plaintiff has any right of action against the defendant such as is claimed in this case, the plea in bar to it is well taken. It is also contended in argument that under the law there is no right of action in the plaintiff in such case as this. This contention, I am of opinion, is sound. But be that as it may, the demurrer to the sixth defense will therefore be overruled.

I have given the most careful attention to the question of law raised in this case and can not but think that the conclusions I have reached as to the sixth defense are capable of being demonstrated as correct with almost, if not quite, mathematical certainty; but as the discussion of the reasons and numerous authorities on the subject which have been cited to me by counsel in oral argument and learned briefs, and which authorities, together with others which I have carefully examined, would necessarily be voluminous, I content myself with stating the conclusions which I have reached. There are numerous other cases involving the same questions here decided, which were submitted to me upon demurrers, together with the demurrer in this case, and the conclusions above stated will apply to all the cases submitted.